UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEM PETERS,<br><br>        Plaintiff,<br><br>v.<br><br>DARIN F. IMLAY, et al.<br><br>        Defendants. | Case No. 2:20-cv-01488-GMN-EJY<br><br>**ORDER**<br>**and**<br>**REPORT AND RECOMMENDATION**<br><br>**RE:  ECF Nos. 3, 4 and 4-1** |

Before the Court is Kem Peters' Applications to Proceed *in forma pauperis* (ECF Nos. 3 and 4), and his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (ECF No. 4-1).  For the reasons stated below, although Plaintiff's *in forma pauperis* application is complete, the Court recommends Plaintiff's Complaint be dismissed with prejudice.

**I.    Screening Plaintiff's Complaint**

When screening a § 1983 complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).  "An amendment is futile if the amended [pleading] could not withstand a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P." *Pullano v. NaphCare*, Case No. 2:10-cv-00335-JAD-VCF, 2014 WL 4704587, at *5 (D. Nev. Sept. 23, 2014) (internal citations and quotation marks omitted).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Fed. R. Civ. P. 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.     Plaintiff's Complaint Fails As A Matter Of Law

The Court finds Plaintiff's allegations against his Deputy Public Defenders Scott Ramsey and Darin Imlay are ones stating ineffective assistance of counsel claims. Plaintiff generally avers that these attorneys violated his rights through ineffective assistance of counsel by engaging in non-confidential communications, failing to move the state court to allow confidential contacts resulting in the loss of evidence, and refusing to file numerous motions. ECF No. 4-1 at 4-5. However, Plaintiff's ineffective assistance of counsel claim must be brought in a habeas corpus petition under 28 U.S.C. § 2241 as Plaintiff remains in state custody. *Id*. at 1 and 3 (stating Plaintiff is a pretrial detainee in state custody); *Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004) (identifying that § 2241 is the proper habeas statute for alleged constitutional violation pre-final-judgment in a state court criminal proceeding); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir.1995) (per curiam) (concluding that Sixth Amendment claim of ineffective assistance of counsel brought under § 1983 is precluded under *Heck v. Humphrey*, 512 U.S. 477 (1994)). Plaintiff brings his claims under § 1983, which provides Plaintiff no avenue for relief.

Further, Plaintiff's ineffective assistance claim is premature even if it is brought in a habeas petition. Federal courts are unanimous that § 2241 may not be used to litigate ineffective assistance of counsel [claims] prior to sentencing." *United States v. Snegirev*, Case No. A05-0024 CR JKS, 2005 WL 2122096, at *3 (D. Alaska Aug. 29, 2005); *United States v. Pirro*, 104 F.3d 297, 298 (9th

Cir. 1997) (affirming the dismissal of a § 2241 petition filed before sentencing and based on ineffective assistance of counsel because "the petition was premature"); *Dunn v. Christensen*, Case No. 2:15-cv-01812-JCM-PAL; 2018 WL 615671 at *8 (D. Nev. Jan. 29, 2018) (holding that an action for ineffective assistance of counsel does not accrue until the underlying proceeding or criminal case is resolved).

Plaintiff filed a Section 1983 action, not a habeas petition, before resolution of his state criminal case. For this reason, Plaintiff's claims against his Deputy Public Defenders fail as a matter of law and should be dismissed with prejudice.

**III. Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis*, ECF No. 4 is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Application to Proceed *in forma pauperis*, ECF No. 3, is DENIED as moot.

**IV. Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint Pursuant to 42 U.S.C. § 1983, ECF No. 4-1, be dismissed with prejudice because there is no set of fact Plaintiff can allege regarding ineffective assistance of counsel that would survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss.

Dated this 9th day of September, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to

properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).